IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALLPLUS COMPUTER SYSTEMS CORP.,                  CASE NO.: 1:20-cv-24398-DPG

        Plaintiff,

v.

CISCO SYSTEMS, INC.,

        Defendant.
_____/

**DEFENDANT, CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant, Cisco Systems, Inc. ("Cisco"), by and through its undersigned counsel, states as follows in support of its Motion to Transfer Venue [DE 4] ("Motion to Transfer") and in reply to the Plaintiff's Response to Defendant's Motion to Transfer Venue [DE 8] ("Response") filed by plaintiff AllPlus Computer Systems Corp. ("AllPlus"):

**INTRODUCTION**

AllPlus concedes that U.S. Supreme Court precedent requires enforcement of exclusive forum selection clauses, but asks this Court to ignore the exclusive forum selection agreement AllPlus admits signing on the basis of its *ipse dixit* that its agreement is "invalid." This transparent attempt to circumvent controlling law and the undisputed terms of the parties' contract falls flat for two reasons.

*First*, AllPlus's circular argument that the severable exclusive forum agreement between the parties is void for lack of consideration because the subject Guarantee is void for lack of consideration cannot be reconciled with the U.S. Supreme Court's decision in *Atlantic Marine v. U.S. Dist. Court for W. Dist. of Texas*. *Atlantic Marine* requires enforcement of exclusive forum selection clauses in all but the most exceptional and unusual cases. According to AllPlus, an

exclusive forum selection clause is void any time it favors one party to a contract. That is not the law. *Second*, U.S. Supreme Court precedent permits consideration of only public-interest factors in deciding the Motion to Transfer and AllPlus offers only irrelevant private-interest concerns relating to its own convenience. While legitimate public-interest factors are "rarely" sufficient to defeat a motion to transfer venue, the failure of AllPlus to identify a single one is immediately dispositive. This Court should hold AllPlus to the bargain it struck and grant Cisco's Motion to Transfer this action to the Northern District of California.

## ARGUMENT

**I.   Controlling Law Requires Enforcement of the Valid Exclusive Forum Agreement.**

AllPlus bears the burden of "showing exceptional circumstances, predicated on public-interest considerations, to justify disturbing" the exclusive forum selection agreement contained in the Guarantee it issued in favor of Cisco. *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 883 (11th Cir. 2018). AllPlus argues that this case should not be transferred because "there was no valid contract in which the forum selection clause was a part,"[1] but does not cite a single case in which a court refused to enforce an exclusive forum selection agreement on that basis.

As it must, AllPlus acknowledges that the U.S. Supreme Court's decision in *Atlantic Marine*[2] is controlling law on the import of forum selection clauses in deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). In a tortured (and circular) effort to avoid the outcome *Atlantic Marine* demands, AllPlus argues that the exclusive forum agreement in this case is void and unenforceable because AllPlus did not receive any consideration in connection with the

---

[1] Response at 2.

[2] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013).

Guarantee, and, therefore, received no consideration to support AllPlus's agreement to litigate exclusively in California.³  The Eleventh Circuit's decision in *Rucker v. Oasis Legal Finance, L.L.C.* compels rejection of AllPlus's contrived and nonsensical argument.  632 F.3d 1231 (11th Cir. 2011).

In *Rucker*, the Eleventh Circuit rejected the plaintiff's argument that enforcement of the forum selection clause "would violate Alabama's public policy against enforcing contracts based on a gambling consideration."  632 F.3d at 1237.  The court explained that because the transferee court would be obligated to address that argument following the transfer, "enforcement of the forum selection clause has no impact on whether the purchase agreements themselves are unenforceable under Alabama law as illegal gambling contracts."  *Id*.

The argument AllPlus advances here is fundamentally indistinguishable from the argument the Eleventh Circuit rejected in *Rucker*.  AllPlus contends that the exclusive forum selection agreement in the Guarantee it signed is unenforceable because it was Cisco's "desire to mandate such venue."⁴  Putting aside the fact that this argument falls far short of the "exceptional circumstances" necessary to avoid enforcement of an exclusive forum selection clause, the argument is patently absurd.  If AllPlus is correct that a forum selection agreement is void for lack of consideration any time one party to the agreement insisted on a particular forum, the vast majority of exclusive forum selection clauses would be void and unenforceable.  That position cannot be reconciled with the Supreme Court's directive in *Atlantic Marine* that "forum-selection clauses should control except in unusual cases."  *Id.* at 64.  This case presents a simple declaratory judgment claim regarding the enforceability of a guaranty contract governed by California law.  It

---

³ Response at 4.

⁴ *Id*. at 6.

is by no means "unusual." The parties' agreement to litigate any disputes regarding the guaranty in California must, therefore, be enforced by granting the transfer Cisco requests.[5]

## II. The Private Factors Cited by AllPlus Are Irrelevant Because AllPlus Agreed to Litigate Any and All Disputes with Cisco in the Exclusive Forum of California

No private or public factors cited by AllPlus in its Response change the analysis or the outcome. AllPlus's discussion of the private-interest factors is immaterial to the Motion to Transfer because "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Atlantic Marine*, 571 U.S. at 64.[6]

The purported public-interest factors cited by AllPlus as weighing against transfer are likewise irrelevant because they are, in fact, private interests. AllPlus identifies the following as public interests weighing against transfer: "the Plaintiff is headquartered in this District and the Guarantee at issue was signed in it, [and] the Defendant conducts business here with offices at two (2) locations."[7] These are private interests relating to the convenience of the parties. Public interests, in contrast, include "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the

---

[5] The cases cited by AllPlus are inapposite because they do not involve agreements to resolve disputes in an exclusive forum. *See Jewelmasters, Inc. v. May Dep't Stores Co.*, 840 F. Supp. 893, 894 (S.D. Fla. 1993) (motion to transfer was not based on exclusive forum selection clause); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) (same); *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981) (same); *Cellularvision Tech. & Telecommunications, L.P. v. Cellco P'ship*, No. 06-60666-CIV, 2006 WL 2871858, at *4 (S.D. Fla. Sept. 12, 2006) (same).

[6] The standard that applies here is not the analysis of public and private factors ordinarily considered in deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). It is the four discrete grounds on which a court can invalidate a forum selection clause: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). AllPlus does not argue a single one of them.

[7] *Id.* at 8.

trial of a diversity case in a forum that is at home with the law.'" *Id*. at 56 n6.  AllPlus does not mention, let alone establish, court congestion.  This controversy — *a dispute about a contract between a California corporation and a Florida corporation, governed by California law and relating to an agreement for distribution in Brazil* — is hardly a "localized" controversy in this District.  And, finally, because the Guarantee is governed by California law, the remaining public interest factor noted by the Supreme Court favors litigation in the requested transferee forum of the Northern District of California.

Even if AllPlus had identified a genuine public interest factor disfavoring transfer, "public-interest factors will rarely defeat a transfer motion." *Id*. at 64.  Cisco and AllPlus agreed to litigate any disputes relating to their contract in California and "'the interest of justice' is served by holding them to [that] bargain." *Id*. at 66.  The Motion to Transfer should be granted.

## CONCLUSION

For the reasons set forth above and in its Motion to Transfer, defendant Cisco Systems, Inc., respectfully requests that this Court enter an Order granting its Motion to Transfer, transferring this action to the U.S. District Court for the Northern District of California, and granting such other relief in favor of Cisco as this Court deems just and proper.

Dated: November 20, 2020

                                   Respectfully submitted,

                                   */s/ Daniel C. Mazanec*
                                   Daniel C. Mazanec (Florida Bar No. 88737)
                                   GREENSPOON MARDER LLP
                                   600 Brickell Avenue, Suite 3600
                                   Miami, FL 33131
                                   T: 305.789.2720
                                   F: 305.537.3950
                                   daniel.mazanec@gmlaw.com

                                   *Attorneys for Defendant Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of November 2020, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, including to:

Jerry Breslin
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, Suite 700
Miami, FL 33131
jb@richardbaronlaw.com

and

Jonathan Noah Schwartz
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
jschwartz@jonschwartzlaw.com
jnsesquire@gmail.com

                                              */s/ Daniel C. Mazanec*
                                                  Daniel C. Mazanec
                                                  *Attorney for Defendant Cisco Systems, Inc.*