# IN THE UNITED STATE DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLPLUS COMPUTER SYSTEMS CORP., <br><br>Plaintiff, <br><br>v. <br><br>CISCO SYSTEMS, INC., <br><br>Defendant. | Case No. 4:21-cv-00918-KAW <br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT** |
| CISCO SYSTEMS, INC., <br><br>Counterclaimant, <br><br>v. <br><br>ALLPLUS COMPUTER SYSTEMS CORP., <br><br>Counterdefendant. | |

Plaintiff, ALLPLUS COMPUTER SYSTEMS CORP., and Defendant, CISCO SYSTEMS (collectively, the "Parties" and each a "Party"), by and through their undersigned attorneys and pursuant to Rules 26(f) and Rule 16 of the Federal Rules of Civil Procedure, Rule 16-9 of the Local Rules of the United States District for the Northern District of California, and the order this Honorable Court [Dkt. No. 16], file this Joint Scheduling Report as follows:

## 1. Jurisdiction & Service

Jurisdiction and Venue is proper in U.S. District Court for the Northern District of California, and no parties remain to be served.

## 2. Facts

**Plaintiff's Statement:** The Plaintiff and the Defendant are alleged by the Defendant to be parties to a purported Guarantee (the "Guarantee") dated November 16, 2017 and filed of record. The Guarantee applies California law to the interpretation of the document. It is the Plaintiff's position that the Guarantee is not binding under California law because it is not supported by independent consideration. "[a] guaranty of an antecedent debt of another must be supported by a consideration distinct from the original obligation[.]" Pacific States Sav. Etc. Co. v. Stowell, 7 Cal. App. 2d 280 (Cal. Ct. App. 1935). Even if Florida law was applied, the result would be the same. As such, this matter involves the simple legal determination of the validity and enforceability of a written document which is purely a matter of law.

**Defendant's Statement:** This dispute arises from a Guarantee that AllPlus and Cisco entered into in 2017. Under that Guarantee, AllPlus guaranteed the debts of its Brazilian affiliate Alcateia under a 2009 distributorship agreement between AllPlus/Alcateia and Cisco. Alcateia has failed to pay nearly $220,000 owed to Cisco, which sparked this litigation.

AllPlus seeks a declaratory judgment that the Guarantee is not enforceable, contending that the Guarantee is not supported by sufficient consideration.

Cisco pursues counterclaims for breach of contract or, in the alternative, promissory estoppel. Cisco contends that the Guarantee is supported by consideration—specifically, that Cisco (a) extended credit to AllPlus's Brazilian affiliate Alcateia and (b) extended the underlying distributorship agreement. If the Court disagrees and holds that the Guarantee is not an enforceable contract, then Cisco seeks enforcement of AllPlus's promise to pay Alcateia's debts under the distributorship agreement under the doctrine of promissory estoppel.

## 3. Legal Issues

**Plaintiff's Statement:** The legal issue is whether a guarantee that was not executed contemporaneously and supported by independent consideration is legally binding and enforceable.

**Defendant's Statement:** This case presents two legal issues: (1) whether Cisco's acts of

2
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 4:21-cv-00918-KAW

(a) extending credit to Alcateia, (b) extending the 2009 distributorship agreement, or (c) both of those acts constitute sufficient consideration for the Guarantee to be an enforceable contract; and (2) if not, whether the Court should enforce AllPlus's promise embodied in the Guarantee under the doctrine of promissory estoppel.

**4. Motions**

There are no prior motions pending at this time.

**5. Amendment of Pleadings**

Cisco filed its Amended Answer and Counterclaim on May 3, 2021. The parties do not anticipate any further amendments of the pleadings.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and counsel for the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and agree as follows.

Plaintiff's Statement Regarding Evidence Preservation and Production:

- AllPlus agrees to preserve ESI postdating January 1, 2017, concerning the relationship between Cisco, on one hand, and AllPlus and Alcateia, on the other hand.
- AllPlus agrees to search for responsive ESI in the files of Camilo Rodrigues (Camilo.rodrigues@allplus.com).
- AllPlus agrees to search the ESI it collects for responsive ESI using the following methods:
  - Search terms agreed-upon with counsel for Cisco.
- AllPlus agrees to produce ESI in single-page TIFF files or in PDF format.
- AllPlus agrees to meet and confer with opposing counsel regarding metadata that it will produce. AllPls agrees to produce ESI on an FTP site.

Defendant's Statement Regarding Evidence Preservation and Production:

- Cisco agrees to preserve ESI postdating January 1, 2017, concerning the relationship between Cisco, on one hand, and AllPlus and Alcateia, on the other hand.

- Cisco agrees to search for responsive ESI in the following custodians' files:
    1. Kim Buscomb (kbuscomb)
    2. Jenn Pate (jepate)
    3. Florencia Alvarez (flalvare)
    4. Ana Carolina Pierre Francisco (apierref)
    5. Victoria Scianca (vscianca)
- Cisco agrees to search the ESI it collects for responsive ESI using the following methods:
    - Search terms agreed-upon with counsel for AllPlus
- Cisco agrees to produce ESI in single-page TIFF files or in PDF format.
- Cisco agrees to meet and confer with opposing counsel regarding metadata that it will produce.

Cisco agrees to produce ESI on an FTP site.

### 7. Disclosures

Plaintiff served its Initial Disclosures on April 20, 2021. Defendant will serve its Initial Disclosures before the May 11, 2021 Case Management Conference.

### 8. Discovery

There has been no discovery taken to date, and the discovery deadlines are outlined below in ¶ 17.

### 9. Class Actions

Not applicable.

### 10. Related Cases

Not applicable.

### 11. Relief

Relief sought by the Plaintiff: a declaratory judgment invalidating the Guarantee, costs and fees.

Relief Sought by the Defendant: Dismissal of Plaintiff's claim; costs and fees; damages for breach-of-contract/promissory estoppel counterclaim.

### 12. Settlement and ADR

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled "Alternative Dispute Resolution Procedures Handbook" (available at cand.uscourts.gov/adr);

(2) Discussed with each other the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Counsel further certifies that he or she has discussed the selection of an ADR process with counsel for the other parties to the case. Based on that discussion, the parties prefer to discuss ADR selection with the Assigned Judge at the case management conference.

**13.  Consent to Magistrate Judge For All Purposes**

The parties have consented to a magistrate judge for all purposes.

**14.  Other References**

Not applicable.

**15.  Narrowing of Issues**

The parties do not believe that the issues can be narrowed by agreement.

**16.  Expedited Trial Procedure**

The parties do not request an expedited trial procedure.

**17.  Scheduling**

**(1)     Proposed Limits on Time.**

(i)     To join other parties and to amend pleadings:

June 1, 2021.

(ii)     To file and hear motions:

- November 19, 2021: dispositive motions and *Daubert* motions, if any, as well as motions to strike experts

- 60 days after the Court's ruling on summary judgment motions: pretrial motions

(iii)     To complete discovery:

• September 1, 2021: The Parties shall disclose experts, and expert witness summaries and reports, as required by Federal Rule of Civil

    Procedure 26(a)(2).  N.B.—The parties do not anticipate any expert witnesses.

-  September 15, 2021: The Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial.

    (Only those witnesses listed shall be permitted to testify.)

-  September 15, 2021: The Parties shall exchange rebuttal expert witness summaries and reports as required by Federal Rule of Civil Procedure 26(a)(2).  N.B.—The parties do not anticipate any expert witnesses.

-  October 29, 2021: The Parties shall complete all fact discovery.

-  October 29, 2021: The Parties shall complete all expert discovery.

-  June 15, 2021: The Parties shall complete mediation and file a mediation report with the Court.

-  60 days after Court's Order resolving motions for summary judgment: The Parties shall file their Joint Pretrial Stipulation.

-  75 days after Court's Order resolving motions for summary judgment: The Parties shall file their proposed findings of fact and conclusions of law.

-  75 days after Court's Order resolving motions for summary judgment: The Parties shall submit their deposition designations.

**(2) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

  The Parties shall endeavor to simplify the issues throughout this action and via discovery and the filing of Motions for Summary Judgment which will not only serve to assist in the formulation and simplification of issues, but may also eliminate certain claims and/or defenses.

  AllPlus may file a Rule 12(c) motion addressing the legal issue of whether the Guarantee is supported by adequate consideration.  If AllPlus does so, it will move for judgment on the pleadings by

June 15, 2021.

Additionally, the parties propose exploring early resolution—either by a private mediator or by a settlement conference with a magistrate judge—by June 15, 2021.

**(3)	Necessity or Desirability of Amendment to the Pleadings**

At this time, the parties do not anticipate any amendments of the pleadings.

**(4)	The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties reasonably anticipate that they will be able to stipulate to admissions of fact and to the authenticity of most, if not all, documents after discovery is closed. The parties further believe that, while some ESI discovery will be necessary, this case is unlikely to present complicated ESI issues.

**(5)	Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The Parties propose meeting in advance of trial during the Local Rule 16-1(d) conference to stipulate to the authenticity of documents, to the extent possible, and to stipulate to as many facts as possible. This should assist in eliminating the presentation of unnecessary proof and cumulative evidence at trial.

**18.  Trial**

To the extent that this matter is not resolved on summary judgment motions, it will be tried either before the Court or to a jury, depending upon whether Cisco's breach-of-contract Counterclaim remains pending.  The parties anticipate that the trial will take one (1) day.

The parties propose that the trial date be set for 90 days after the Court's order resolving all motions for summary judgment.

**19.  Disclosure of Non-party Interested Entities or Persons**

The parties have each filed a disclosure statement and Certification of Interested Entities or Persons required by Civil Local Rule 3-15, which the undersigned attorneys confirm is full and complete as of this filing.

//

**20. Professional Conduct**

All attorneys confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 4, 2021         MICHAEL D. MEUTI
                           BENESCH FRIEDLANDER COPLAN & ARONOFF

                           By:   /s/ *Michael D. Meuti*
                                 Michael D. Meuti
                                 Attorney for Defendant
                                 Cisco Systems, Inc.

Dated: May 4, 2021         *PRO HAC VICE*
                           JERRY BRESLIN
                           BARON, BRESLIN & SARMIENTO

                           By:   /s/ *Jerry Breslin*
                                 Jerry Breslin
                                 Attorney for Plaintiff
                                 AllPlus Computer Systems Corp.

**ATTESTATION**

I, Michael D. Meuti, hereby attest, pursuant to United States District Court, Northern District of California Local Rule 5-1(3), that concurrence to the filing of this document has been obtained from the signatories hereto.

DATED: May 4, 2020         By:   /s/*Michael D. Meuti*
                                 Michael D. Meuti

**CASE MANAGEMENT ORDER**

The above INITIAL JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES MAGISTRATE JUDGE KANDIS A. WESTMORE